**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARTIN SCHOR, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.  15-610 |
| STATE FARM FIRE AND CASUALTY | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                               March 18, 2015

Currently pending before the Court is Defendant State Farm and Fire Casualty Insurance Company's Motion to Dismiss Count II of the Complaint.  For the following reasons, the Motion is granted without prejudice

**I.      FACTUAL BACKGROUND**

According to the facts set forth in the Complaint, Defendant State Farm Fire & Casualty Insurance Company ("State Farm") issued to Plaintiff Martin Schor a policy of insurance (the "Policy") covering Plaintiff's premises at 482 N. Shady Retreat Road, Doylestown, PA 18901. (Compl. ¶ 4.)  On April 29, 2014, while the Policy was in full force and effect, Plaintiff suffered a sudden and accidental direct physical loss due to the accidental discharge of water at the premises, resulting in damage to the insured premises.  (Id. ¶ 6.)  Plaintiff gave notice of his loss to Defendant in a prompt and time manner and has fully cooperated with Defendant's investigation, mitigated damages where reasonable or possible, provided Defendant with all

available information, and complied with all conditions precedent under the Policy.  (Id. ¶ 7.)

Nonetheless, despite Plaintiff's demand for benefits under the Policy, Defendant has refused to

pay to Plaintiff any benefits.  (Id. ¶ 8.)

On January 8, 2015, Plaintiff commenced a civil action against Defendant in the

Philadelphia County Court of Common Pleas.  The Complaint set forth two grounds for relief:

(1) breach of contract; and (2) bad faith.  Defendant timely removed this action to the United

States District Court for the Eastern District of Pennsylvania on February 10, 2015.  Shortly

thereafter, on February 12, 2015, Defendant filed the present Motion to Dismiss Count II of the

Complaint, to which Plaintiff responded on February 25, 2015.  This Motion is now ripe for

judicial consideration.

## II.    STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has

not stated a claim upon which relief can be granted.  Fed. R. Civ. P.12(b)(6); see also Hedges v.

United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atlantic Corporation v. Twombly, 550

U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555.

Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009),

subsequently defined a two-pronged approach to a court's review of a motion to dismiss.  "First,

the tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."  Id. at 678.  Thus, although "Rule 8

2

marks a notable and generous departure from the hyper-technical, code-pleading regime of a

prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more

than conclusions." Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible

claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint

states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." Id.

A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of

Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of

complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the

proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right

to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of

review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008

WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a

short and plain statement of the claim showing that the pleader is entitled to relief and need not

contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all

factual allegations in the complaint as true and view them in the light most favorable to the

plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the

court must "determine whether, under any reasonable reading of the complaint, the plaintiff may

be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### III.    DISCUSSION

Defendant's Motion seeks dismissal of Count II of Plaintiff's Complaint, which asserts a claim for bad faith.  To establish bad faith under 42 Pa.C.S. § 8371, a plaintiff must demonstrate that the insurer (1) lacked a reasonable basis for denying benefits and (2) knew or recklessly disregarded its lack of a reasonable basis.  Klinger v. State Farm Mut. Auto. Ins. Co., 115 F. 3d 230, 233 (3d Cir. 1997); Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1999).  In the insurance context, bad faith denotes a "frivolous or unfounded" refusal to pay policy proceeds, which imports a dishonest purpose and a breach of a known duty, such as good faith and fair dealing.  Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 751 (3d Cir. 1994) (quotations omitted).  While mere negligence or bad judgment are insufficient, a showing of reckless disregard will suffice to establish bad faith.  3039 B Street Assoc. Inc. v. Lexington Ins. Co., 740 F. Supp. 2d 671, 677 (E.D. Pa. 2010), aff'd, 444 F. App'x 610 (3d Cir. 2011).

Repeatedly, courts have dismissed bad faith claims under Federal Rule of Civil Procedure 12(b)(6) where the complaint set forth "bare-bones" conclusory allegations that did not provide a factual basis for an award of bad faith damages.  Most recently, in Mozzo v. Progressive Insurance Company, No. Civ.A.14-5752, 2015 WL 56740 (E.D. Pa. Jan. 15, 2015), this Court confronted an identical motion.  In support of his bad faith claim, the plaintiff alleged only that: (1) he complied with all relevant requests attributable to the investigation of this claim and requests that this claim be covered; (2) the defendant arbitrarily and capriciously failed to honor its contractual obligations; (3) as a result of the defendant's failure to honor its obligations, the plaintiff incurred and continued to incur damages; and (4) the defendant acted in bad faith in failing to honor the plaintiff's claim.  Id. at *3.  This Court found that "[n]othing in the complaint

4

sets forth any facts regarding Defendant's actions, let alone actions from which the Court can infer a bad faith claim." Id. Accordingly, the Court dismissed the bad faith claim without prejudice.

In the Third Circuit decision of Smith v. State Farm Mutual Automobile Insurance Co., 506 F. App'x 133 (3d Cir. 2012), the complaint consisted of "conclusory statements unsupported by facts" that the defendant insurer "breach[ed] covenants of good faith and fair dealing," and "engag[ed] in unfair settlement negotiations." Id. at 136. There were no details describing what was unfair about the negotiations. Id. In similar fashion, the plaintiff simply asserted that the defendant "intentionally misrepresent[ed] coverage in the policy," and "misrepresent[ed] facts and its evaluation of Plaintiff's claim," without explaining what those misrepresentations may have been. Id. The Third Circuit noted that the "failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith." Id. at 137. In turn, it determined that the complaint, on its face, failed to allege a legally sufficient cause of action for bad faith under § 8371, and affirmed the dismissal under Federal Rule of Civil Procedure 12(b)(6). Id.

Likewise, in Robbins v. Metro. Life Insurance Company of Connecticut, No. Civ.A.08-0191, 2008 WL 5412087 (E.D. Pa. Dec. 29, 2008), the plaintiff alleged that the defendant insurance company "fail[ed] to objectively and fairly evaluate Plaintiff's claims; assert[ed] defenses without reasonable basis in fact; unnecessarily and unreasonably compell[ed] litigation; conduct[ed] an unreasonable investigation of Plaintiff's claims; and unreasonably withh[eld] policy benefits." Id. at *8. The district court granted the defendant's motion for judgment on the pleadings on the plaintiff's bad faith claim because the plaintiff "failed to provide sufficient facts to support these allegations or, more importantly, to suggest that Defendant lacked a reasonable

basis for the denial of the benefits." <u>Id.</u>

Similarly, in <u>Atiyeh v. National Fire Insurance Company of Hartford</u>, 742 F. Supp. 2d 591 (E.D. Pa. 2010), the plaintiff averred that defendant "(1) falsely and fraudulently represented that plaintiff had not performed routine maintenance on the premises; (2) unreasonably refused to indemnify plaintiff for his loss; and (2) breached its duty of good faith and fair dealing by: (a) failing to conduct a reasonable investigation, (b) denying benefits to plaintiff without a reasonable basis, (c) knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim, or (d) asserting policy defenses without a reasonable basis." <u>Id.</u> at 599.  The court found that these averments were "merely conclusory legal statements and not factual averments." <u>Id.</u>  Noting that it need not credit bare legal conclusions and that plaintiff had not "demonstrated, by pleading basic facts, the elements of a claim for bad faith," the court granted the defendant's motion to dismiss that claim. <u>Id.</u> at 600.

Finally, in <u>Eley v. State Farm Insurance Co.</u>, No. Civ.A.10-5564, 2011 WL 294031 (E.D. Pa. Jan. 31, 2011), the plaintiffs' bad faith allegations asserted that defendant failed to negotiate the plaintiffs' UIM claim in good faith, failed to properly investigate and evaluate the plaintiffs' insurance claim, and knew or recklessly disregarded the fact that it had no reasonable basis for its conduct in handling the plaintiffs' claim. <u>Id.</u> at *4.  The court found that these "bare-bones" allegations were as devoid of factual specificity as those presented in <u>Robbins</u> and <u>Atiyeh</u>. Indeed, accepting all of the plaintiffs' well-pled facts as true, the court could only conclude that (a) the plaintiffs' insurance policy with the defendant provided UIM coverage; (b) the plaintiffs suffered injury and/or loss of consortium as a result of one of the plaintiff's collision with a negligent underinsured motorist; (c) the plaintiffs complied with the terms of the insurance policy

6

in seeking coverage, and (d) the defendant declined to settle the plaintiffs' claim. Id. at *4. Such allegations supported only a breach of contract claim, and the remaining averments were nothing more than threadbare recitals of the elements of a bad faith cause of action insufficient to support a claim for bad faith. Id. at *4.

The bad faith allegations in the present case fare no better. Count II states, in its entirety, as follows:

> 12. Plaintiff incorporates by reference herein the facts and allegations contained in the preceding paragraphs as though same were set forth herein at length.

> 13. Defendant has engaged in Bad Faith conduct toward Plaintiff and has treated Plaintiff unreasonably and unfairly with respect to its adjustment of Plaintiff's covered loss, in violation of 42 Pa.C.S.A. § 8371.

> 14. In furtherance of its bad faith and wrongful denial and refusal to pay benefits for Plaintiff's covered loss, Defendant, acting by and through its duly authorized agents, servants, workmen or employees, has engaged in the following conduct:

> (a) in forwarding correspondence to Plaintiff and/or Plaintiff's representative, representing to Plaintiff and/or Plaintiff's representatives that Plaintiff's claim was not, in fact, covered under Defendant's policy of insurance when Defendant knew or should have known that such representation was false and misleading.

> (b) in failing to effectuate a prompt, fair and equitable settlement of Plaintiff's claim when its liability under the policy became reasonably clear;

> (c) in misrepresenting pertinent facts or policy or contract provisions relating to the coverages at issue;

> (d) in treating the Plaintiff with reckless indifference and disregard under the circumstances;

> (e) in not having a reasonable basis or denying Plaintiff's benefits under the policy and in knowingly for recklessly disregarding its lack of reasonable basis when it denied Plaintiff's claim;

7

(f)     in interpreting ambiguous terms, provisions and/or conditions of the
aforementioned policy in its favor and against Plaintiff.

15.     Solely as a result of Defendant's bad faith misconduct as aforesaid, Plaintiff
has been required to obtain counsel to commence the present action to
recover benefits due and owing under the policy of insurance issued by
Defendant for Plaintiff's covered loss, and has incurred costs and other
expenses in connection with said claim.

**WHEREFORE**, Plaintiff, Martin Schor, demands judgment against
Defendant, State Farm Fire and Casualty Insurance Company, for punitive damages,
counsel fees and costs, together with interest on Plaintiff's claim, in an amount not
in excess of Fifty Thousand Dollars ($50,000.00).

(Compl. ¶¶ 12–15 & Wherefore Clause.)  Such allegations virtually mirror those deemed

conclusory in Robbins, Atiyeh, and Eley.  Indeed, the allegations assert, in cursory fashion only,

that Defendant lacked a reasonable basis for denying Plaintiff's claim for benefits, without

providing any factual allegations from which the Court could make a plausible inference that

Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits.

Klinger v. State Farm Mut. Auto. Ins. Co., 115 F. 3d 230, 233 (3d Cir. 1997).  Although such

assertions perhaps suggest that a bad faith claim is *possible*, they do not allow for any non-

speculative inference that a finding of bad faith is *plausible*.  The Rule 12(b)(6) standards, as

interpreted by Twombly and Iqbal, require more.  As such, the Court grants Defendant's Motion

to Dismiss the bad faith claim.[1]

---

[1]  In his Response to the Motion to Dismiss, Plaintiff argues that this Motion stands in a
direct paradox to Defendant's Notice of Removal.  Specifically, Plaintiff remarks that the amount
of damages sought in Count I for breach of contract is only $31,179.98.  Yet, in removing this
matter to federal court, Defendant represented to the Court that the damages in this matter will
likely exceed $75,000—the threshold amount for removing a case to federal court under 28
U.S.C. § 1332(a).  Plaintiff then asserts that, "[b]y logical extension, the defendant admits that it
acted in bad faith in the adjustment of the plaintiff's claim and that the punitive damages will
likely exceed $45,000."  (Pl.'s Resp. Opp'n Mot. Dismiss 9.)

This argument, however, conflates Defendant's amount in controversy argument with an

IV.    **CONCLUSION AND LEAVE TO AMEND**

The United States Court of Appeals for the Third Circuit has made clear that if a

complaint is subject to Rule 12(b)(6) dismissal, a district court must ordinarily permit a curative

amendment unless such an amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d

229, 235 (3d Cir. 2004).  Dismissal without leave to amend is justified only on grounds of bad

faith, undue delay, prejudice, and futility.  Id. at 236.  This opportunity to amend must be offered,

even if the plaintiff does not specifically make such a request.  Id. at 235.

Although Plaintiff, in this case, does not expressly request leave to file an amended

complaint, the Court finds that such leave is warranted in this case.  Defendant has not set forth

any contentions of bad faith, undue delay, prejudice, or futility, nor can the Court find that any of

---

admission as to the merits of the bad faith claim.  A determination of the amount in
controversy—for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)—is based solely
on the plaintiff's complaint as of the time the notice of removal was filed, and the court must
measure the amount not by the low end of an open-ended claim, but by a reasonable reading of
the value of rights being litigated.  Angus v. Shiley, Inc., 989 F.2d 142, 145–46 (3d Cir. 1993);
Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002).  Claims for punitive damages
on a bad faith claim are properly considered as part of the amount in controversy.  Frederico v.
Home Depot, 507 F.3d 188, 199 (3d Cir. 2007).  In this case, Plaintiff's Complaint alleged actual
damages in the amount of $31,179.98.  (Compl., Ex. A.)  The Complaint also sought punitive
damages, counsel fees and costs, together with interest, "in an amount not in excess of Fifty
Thousand Dollars."  (Compl. at Count II, Wherefore Cl.)  Accordingly, on the face of this
document, as pled by Plaintiff, the amount in controversy exceeded $75,000.  In turn, by
claiming that the requisite amount in controversy had been met for purposes of remand,
Defendant merely acknowledged that Plaintiff's Complaint—whether viable or not—sought an
amount exceeding $75,000.
        Defendant's concession as to the amount in controversy pled in the Complaint, however,
does not translate into a concession as to the merits or adequacy of Plaintiff's pleading or an
admission that it acted in bad faith. To accept Plaintiff's contrary argument would mean that
every time a defendant removed a case on the grounds of diversity jurisdiction, it would concede
its liability for at least $75,000.  Nothing in the Federal Rules of Civil Procedure, its interpretive
jurisprudence, or simple logic supports such an outcome.

these grounds for denying leave exist.  Accordingly, the Court will grant Plaintiff twenty days in which to file an amended complaint properly setting forth a factual basis for his bad faith claim against Defendant.  Plaintiff's failure or inability to do so will, upon proper motion by Defendant, result in dismissal of any deficient claims with prejudice.

An appropriate Order follows.