IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN SCHOR | : |
| v. | : NO. 15-610 |
| STATE FARM FIRE & CAS. INS. CO. | : |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES MARTIN SCHOR, plaintiff in the above-captioned action, by and through his attorneys who files this First Amended Civil Complaint against the Defendant and avers, as follows:

1. Plaintiff, Martin Schor, is an adult individual residing at the address as set forth above.

2. Defendant, State Farm Fire & Casualty Insurance Company, is a corporation, incorporation, company, limited liability company, or other similar corporate entity duly organized and existing and licensed to issue policies of insurance in the Commonwealth of Pennsylvania and maintains its principal place of business at the address set forth above.

3. Defendant regularly conducts business in the City and County of Philadelphia.

4. Defendant, in its regular course of business, issued to Plaintiff a policy of insurance, Policy No. 78-GF-0146-9 covering Plaintiff's premises located at 482 N. Shady Retreat Road, Doylestown, PA 18901. Plaintiff is not in possession of the entire policy and it is alleged that said policy is in the possession of Defendant.

5. At all times material hereto, Defendant was acting either individually or through its duly authorized agents, servants, workmen or employees, who were acting within the course and scope of their employment and on the business of said employer.

6. On or about April 29, 2014, while said policy of insurance was in full force and

effect, Plaintiff suffered a sudden and accidental direct physical loss due to accidental discharge of water at the insured premises, resulting in damage to the insured premises in those areas and to the extent set forth in the Estimate of Loss of Metro Public Adjustment, Inc., a true and correct copy of which is attached hereto, made part hereof, and collectively marked Exhibit "A".

7. Notice of Plaintiff's covered loss was given to Defendant in a prompt and timely manner and Plaintiff has done and otherwise performed all things required of him under the policy of insurance issued by Defendant, including cooperating with Defendant's investigation; mitigating damages where reasonable, required and/or possible; providing Defendant with all available information and complying with all conditions precedent.

8. Defendant, despite demand for benefits under its policy of insurance has failed and refused to pay to Plaintiff those benefits due and owing under said policy of insurance.

9. Solely as a result of Defendant's failure and refusal to pay benefits to Plaintiff as required under the aforementioned policy of insurance, as well as the mishandling of Plaintiff's claim, Plaintiff has suffered loss and damage in an amount not in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT I - BREACH OF CONTRACT

10. Plaintiff incorporates by reference herein the facts and allegations contained in the preceding paragraphs as though same were set forth herein at length.

11. Defendant has breached its contractual obligations to pay benefits to Plaintiff for a loss covered under Defendant's policy of insurance.

**WHEREFORE**, Plaintiff, Martin Schor, demands judgment against Defendant, State Farm Fire & Casualty Insurance Company.

## COUNT II - BAD FAITH

12. Plaintiff incorporates by reference herein the facts and allegations contained in the preceding paragraphs as though same were set forth herein at length.

13.     A photograph of the area where the loss made the basis of this action shows as follows:



14.     The photograph shows the condition of wood that is not rotten, and there is no indicia of a continuous or repeated seepage or leakage of water.

15.     The defendant has not produced an engineering report or any objective or scientific data supporting an idea that damages were caused in the plaintiff's home by continuous or repeated seepage.

16.     Defendant has engaged in Bad Faith conduct toward Plaintiff and has treated Plaintiff unreasonably and unfairly with respect to its adjustment of Plaintiff's covered loss, in violation of 42 Pa.C.S.A. § 8371.

17.     Specifically, and n furtherance of its bad faith and wrongful denial and refusal to pay benefits for Plaintiff's covered loss, Defendant, acting by and through its duly authorized agents, servants, workmen or employees, has engaged in the following conduct:

    (a)     in forwarding correspondence dated July 10, 2014, to Plaintiff and/or Plaintiff's representative, representing to Plaintiff and/or Plaintiff's representatives that

Plaintiff's claim was not, in fact, covered under Defendant's policy of insurance because the loss resulted from "continuous or repeated seepage or leakage of water...which occurs over a period of time" and other inapplicable exclusions when Defendant knew or should have known that such representation was false and misleading, especially given the lack of objective evidence supporting such a denial.

     (b)    in failing to effectuate a prompt, fair and equitable settlement of Plaintiff's claim when its liability under the policy became reasonably clear;

     (c)    in misrepresenting pertinent facts or policy or contract provisions relating to the coverages at issue;

     (d)    in treating the Plaintiff with reckless indifference and disregard under the circumstances;

     (e)    in not having a reasonable basis for denying Plaintiff's benefits under the policy and in knowingly or recklessly disregarding its lack of reasonable basis when it denied Plaintiff's claim;

     (f)    in interpreting ambiguous terms, provisions and/or conditions of the aforementioned policy in its favor and against Plaintiff.

     18.    Solely as a result of Defendant's bad faith misconduct as aforesaid, Plaintiff has been required to obtain counsel to commence the present action to recover benefits due and owing under the policy of insurance issued by Defendant for Plaintiff's covered loss, and has incurred costs and other expenses in connection with said claim.

**WHEREFORE**, Plaintiff, Martin Schor, demands judgment against Defendant, State Farm Fire & Casualty Insurance Company, for punitive damages, counsel fees and costs, together with interest on Plaintiff's claim.

                                **GALLANT & PARLOW, P.C.**

                       BY:          _____/s/_____
                                   SCOTT R. GALLANT, ESQUIRE
                                   Attorney for Plaintiff

Date: <u>March 26, 2015</u>

## VERIFICATION

The undersigned, having read the attached document, verifies that the within document is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the document is that of counsel and not of signer. Signer verifies that he/she has read the within document and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the document are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

X _____
MARTIN SCHOR

**FILE NO.:** 6218

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN SCHOR | : |
| v. | : NO. 15-610 |
| STATE FARM FIRE & CAS. INS. CO. | : |

## CERTIFICATE OF SERVICE

Scott R. Gallant hereby certifies that a true and correct copy of the Amended Complaint was served on the following by First Class Mail:

> Carolyn M. Angelaccio, Esquire
> Curtin & Heffner LLP
> 250 N. Pennsylvania Avenue
> Box 217
> Morrisville, PA 19067

BY: _____/s/_____
SCOTT R. GALLANT, ESQUIRE
Attorney for Plaintiff

Date: March 26, 2015

# EXHIBIT A



|  |  |
|---|---|
| Insured: | Martin Schoor |
| Property: | 482 N. Shady Retreat Rd.<br>Doylestown, PA 18901 |
| Claim Rep.: | Chris Powers |
| Company: | Metro Public Adjustment |
| Estimator: | Chris Powers |
| Company: | Metro Public Adjustment |

**Claim Number:**           **Policy Number:** 78-GF-0146-9           **Type of Loss:** Water Damage

Date of Loss:  4/29/2014                Date Received:
Date Inspected:                          Date Entered:   8/27/2014 7:32 PM

Price List:  PAPH7X_MAY14
             Restoration/Service/Remodel
Estimate:    SCHOOR

The following estimate is only an approximation of the damages suffered, or expenses incurred, by the insured. No warranty or representation with regard to the accuracy of the estimate is expressed or implied and none should be inferred. The actual damages suffered, or expenses incurred, could be higher or lower than the estimate, even significantly, depending on variances in a number of factors affecting the estimate and the accuracy of the information and assumptions upon which the estimate is based. The estimate is based upon, among other things: information provided to us by the insured; our own observations; measurements taken by our own representatives, the insured and others engaged by the insured; as well as certain assumptions made by us. Many factors may effect the amount of the estimate where compensation has already been received by the insured for the damage, and with regard to which payment we were not informed; the cost of one contractor varying from another contractor as a result of a number of factors, including, without limitation, the quality of the work, the quality of the materials, or warranties provided by such contractors; damages that were not observed at the time the estimate was rendered because of a lack of accessibility or weather; and all other factors beyond our reasonable control. This estimate has been calculated for informational purposes only, and is based upon our good faith belief as the damages suffered or expenses incurred as a result of the particular loss, and only represents one opinion as to the method of repair, restoration, or replacement. Any reliance on the estimate is at your own risk and you agree to hold Metro Public Adjustment, Inc., its representatives, employees, agents, officers, and principals harmless in the event of such reliance.
Copyright 1996 Metro Public Adjustment, Inc.

Case ID: 150100885



## SCHOOR
### Main Level

**Main Level**

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 1. Advanced Mold invoice | 1.00 EA | 0.00 | 6,885.00 | 6,885.00 |

Total: Main Level                                                                                      6,885.00



**Kitchen**                                                                                    Height: 8'

602.67 SF Walls                  234.56 SF Ceiling
837.22 SF Walls & Ceiling        234.56 SF Floor
26.06 SY Flooring                75.33 LF Floor Perimeter
75.33 LF Ceil. Perimeter

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 8. Content Manipulation charge - per hour | 6.00 HR | 0.00 | 30.80 | 184.80 |
| 9. Electrical - Labor Minimum | 1.00 EA | 0.00 | 226.39 | 226.39 |
| allow to check all electrical for damage | | | | |
| 10. Refrigerator - Remove & reset | 1.00 EA | 0.00 | 28.05 | 28.05 |
| 11. Apply anti-microbial agent | 837.22 SF | 0.00 | 0.18 | 150.70 |
| 12. Apply anti-microbial agent | 234.56 SF | 0.00 | 0.18 | 42.22 |
| 13. Range - gas - Remove & reset | 1.00 EA | 0.00 | 128.09 | 128.09 |
| 14. Dishwasher - Detach & reset | 1.00 EA | 0.00 | 217.93 | 217.93 |
| 15. Built-in oven - Detach & reset | 2.00 EA | 0.00 | 164.75 | 329.50 |
| allow for stackable double oven | | | | |
| 16. R&R Cabinetry - full height unit - Standard grade | 4.25 LF | 7.08 | 160.05 | 710.30 |
| 17. R&R Cabinetry - upper (wall) units | 20.83 LF | 5.90 | 113.00 | 2,476.69 |
| 18. R&R Cabinetry - lower (base) units | 24.11 LF | 5.90 | 147.22 | 3,691.72 |
| 19. Sink faucet - Detach & reset | 1.00 EA | 0.00 | 95.87 | 95.87 |
| 20. Sink - double bowl - Detach | 1.00 EA | 0.00 | 20.04 | 20.04 |
| 21. Garbage disposer - Detach & reset | 1.00 EA | 0.00 | 128.09 | 128.09 |
| 22. P-trap assembly - Detach & reset | 1.00 EA | 0.00 | 47.47 | 47.47 |
| 23. Towel bar - Detach & reset | 1.00 EA | 0.00 | 12.48 | 12.48 |
| 24. Light fixture - Detach & reset | 4.00 EA | 0.00 | 41.89 | 167.56 |

SCHOOR                                                                     8/27/2014          Page: 2

Case ID: 150100885



## CONTINUED - Kitchen

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| allow for lighting under cabinetry | | | | |
| 25. Remove Vinyl floor covering (sheet goods) - High grade | 234.56 SF | 0.73 | 0.00 | 171.23 |
| 26. Vinyl floor covering (sheet goods) - High grade | 374.00 SF | 0.00 | 3.88 | 1,451.12 |
| 27. Floor preparation for resilient flooring | 234.56 SF | 0.00 | 0.49 | 114.93 |
| 28. Add for lazy susan | 1.00 EA | 0.00 | 62.00 | 62.00 |
| 29. Add for lazy susan - wood shelves | 1.00 EA | 0.00 | 179.97 | 179.97 |
| 30. Exhaust fan - Detach & reset | 1.00 EA | 0.00 | 148.03 | 148.03 |
| 31. Countertop - flat laid plastic laminate - Detach & reset | 24.08 LF | 0.00 | 13.02 | 313.52 |
| 32. R&R Quarter round - 3/4" | 75.33 LF | 0.13 | 1.16 | 97.17 |
| 33. Seal & paint base shoe or quarter round | 75.33 LF | 0.00 | 0.54 | 40.68 |
| 34. Drywall - Labor Minimum | 1.00 EA | 0.00 | 274.64 | 274.64 |
| 35. Seal/prime then paint the walls and ceiling (2 coats) | 837.22 SF | 0.00 | 0.68 | 569.31 |
| 36. R&R Sheathing - plywood - 1/2" CDX | 117.28 SF | 0.45 | 1.41 | 218.14 |
| 37. Baseboard electric heater - 7' to 10' - Detach & reset | 2.00 EA | 0.00 | 124.32 | 248.64 |
| 39. Smoke detector - Detach & reset | 1.00 EA | 0.00 | 39.83 | 39.83 |
| 40. Final cleaning - construction - Residential | 234.56 SF | 0.00 | 0.17 | 39.88 |
| 41. R&R Polyethylene vapor barrier | 602.67 SF | 0.08 | 0.22 | 180.80 |
| allow to keep dust contained in work area | | | | |
| 42. R&R Vinyl tile | 36.00 SF | 0.89 | 3.05 | 141.84 |
| 43. Regrout tile | 36.00 SF | 0.00 | 2.60 | 93.60 |

Totals: Kitchen                                                                                     13,043.23



**Basement**                                                                             **Height: 8'**

1,700.00 SF Walls                              1,782.20 SF Ceiling
3,482.20 SF Walls & Ceiling          1,782.20 SF Floor
198.02 SY Flooring                           212.50 LF Floor Perimeter
212.50 LF Ceil. Perimeter

SCHOOR

8/27/2014        Page: 3

Case ID: 150100885



## CONTINUED - Basement

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 2. Content Manipulation charge - per hour | 8.00 HR | 0.00 | 30.80 | 246.40 |
| 3. Clean floor | 1,782.20 SF | 0.00 | 0.29 | 516.84 |
| 4. Apply anti-microbial agent | 1,782.20 SF | 0.00 | 0.18 | 320.80 |
| 5. Apply anti-microbial agent | 3,482.20 SF | 0.00 | 0.18 | 626.80 |
| 6. R&R Paneling | 1,700.00 SF | 0.24 | 1.88 | 3,604.00 |
| 7. Final cleaning - construction - Residential | 1,782.20 SF | 0.00 | 0.17 | 302.97 |

| Totals: Basement | 5,617.81 |
|---|---|
| Total: Main Level | 25,546.04 |
| **Line Item Totals: SCHOOR** | **25,546.04** |

## Grand Total Areas:

| | | |
|---|---|---|
| 2,302.67 SF Walls | 2,016.75 SF Ceiling | 4,319.42 SF Walls and Ceiling |
| 2,016.75 SF Floor | 224.08 SY Flooring | 287.83 LF Floor Perimeter |
| 0.00 SF Long Wall | 0.00 SF Short Wall | 287.83 LF Ceil. Perimeter |
| 2,016.75 Floor Area | 2,113.59 Total Area | 2,302.67 Interior Wall Area |
| 2,638.50 Exterior Wall Area | 293.17 Exterior Perimeter of Walls | |
| 0.00 Surface Area | 0.00 Number of Squares | 0.00 Total Perimeter Length |
| 0.00 Total Ridge Length | 0.00 Total Hip Length | |



## Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total | | | 25,546.04 |
| Material Sales Tax | @ | 6.000% | 480.65 |
| Cleaning Mtl Tax | @ | 6.000% | 32.07 |
| Subtotal | | | 26,058.76 |
| Overhead | @ | 10.0% | 2,605.88 |
| Profit | @ | 10.0% | 2,866.50 |
| Cleaning Sales Tax | @ | 6.000% | 648.84 |
| **Replacement Cost Value** | | | **$32,179.98** |
| Less Deductible | | | (1,000.00) |
| **Net Claim** | | | **$31,179.98** |

_____
Chris Powers



**METRO**
PUBLIC ADJUSTMENT, INC.

## Recap by Room

**Estimate: SCHOOR**

| | | |
|---|---:|---:|
| Area: Main Level | 6,885.00 | 26.95% |
|     Kitchen | 13,043.23 | 51.06% |
|     Basement | 5,617.81 | 21.99% |
| Area Subtotal: Main Level | 25,546.04 | 100.00% |
| Subtotal of Areas | 25,546.04 | 100.00% |
| Total | 25,546.04 | 100.00% |



## Recap by Category

| O&P Items | | | Total | % |
|---|---|---|---:|---:|
| APPLIANCES | | | 831.66 | 2.58% |
| CABINETRY | | | 7,138.96 | 22.18% |
| CLEANING | | | 7,744.69 | 24.07% |
| CONTENT MANIPULATION | | | 431.20 | 1.34% |
| GENERAL DEMOLITION | | | 1,017.29 | 3.16% |
| DRYWALL | | | 274.64 | 0.85% |
| ELECTRICAL | | | 662.89 | 2.06% |
| FLOOR COVERING - VINYL | | | 1,675.85 | 5.21% |
| FINISH CARPENTRY / TRIMWORK | | | 87.38 | 0.27% |
| FINISH HARDWARE | | | 12.48 | 0.04% |
| FRAMING & ROUGH CARPENTRY | | | 165.36 | 0.51% |
| INSULATION | | | 132.59 | 0.41% |
| LIGHT FIXTURES | | | 167.56 | 0.52% |
| PLUMBING | | | 143.34 | 0.45% |
| PANELING & WOOD WALL FINISHES | | | 3,196.00 | 9.93% |
| PAINTING | | | 609.99 | 1.90% |
| TILE | | | 93.60 | 0.29% |
| WATER EXTRACTION & REMEDIATION | | | 1,160.56 | 3.61% |
| O&P Items Subtotal | | | 25,546.04 | 79.38% |
| Material Sales Tax | @ | 6.000% | 480.65 | 1.49% |
| Cleaning Mtl Tax | @ | 6.000% | 32.07 | 0.10% |
| Overhead | @ | 10.0% | 2,605.88 | 8.10% |
| Profit | @ | 10.0% | 2,866.50 | 8.91% |
| Cleaning Sales Tax | @ | 6.000% | 648.84 | 2.02% |
| Total | | | 32,179.98 | 100.00% |

**Minimum Charges vs. Service Charges**
The key distinction between a labor minimum and a service charge is that the minimum charge includes time (labor) needed to actually perform the work, while the service charge does not. Service charges, as defined, include only the drive-time and mobilization fees which are applied in many cases regardless of the amount of work being done.

**General Contractor and Subcontractor Overhead and Profit**
When Xactware surveys prices from contractors in the field, the unit prices the contractors provide are intended to be inclusive of costs and fees associated with performing the task, but exclude any general overhead and profit percentage.
While most often what is referred to as overhead and profit (O&P) is general overhead and profit paid to the general contractor, there is an additional category of O&P that is often not mentioned: this is the O&P required by the subcontractor who performs the work.
The unit prices published by Xactware should include the general contractors cost to either perform the work with in-house employees or to hire a subcontractor.
Because subcontractors incur their own overhead and also desire a profit, it can be reasonably assumed that the unit prices published by Xactware include the subcontractors O&P, but do not include the general contractors O&P.

SCHOOR

8/27/2014            Page: 7

Case ID: 150100885